# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1860

_____

Olga Esquivel-Ramirez,   *
                         *
        Petitioner,      *
                         *   Petition for Review of
   v.                    *   an Order of the Immigration
                         *   and Naturalization Service.
Immigration and Naturalization   *
Service,                 *   [UNPUBLISHED]
                         *
        Respondent.      *

_____

Submitted: May 5, 2000
Filed: May 24, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Olga Esquivel-Ramirez, a citizen of Guatemala, entered the United States without inspection in August 1991. In 1996, the Immigration and Naturalization Service ordered her to show cause why she should not be deported. Esquivel-Ramirez conceded deportability, but filed an application for asylum and withholding of deportation. Following a hearing--at which she testified she was threatened, followed, and later kidnaped and beaten for participating in a pro-labor organization in Guatemala--an Immigration Judge (IJ) denied her application. The Board of Immigration Appeals (BIA) dismissed her appeal from the IJ's order.

Esquivel-Ramirez petitions for review, arguing that the evidence supports her claims of past persecution and fear of future persecution. Reviewing the BIA's denial of asylum under the substantial-evidence standard, see Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997), we deny her petition.

After reviewing the record in this case, we conclude that a reasonable fact finder could find Esquivel-Ramirez's fear of persecution was not objectively reasonable. State Department records indicate Guatemala's civil war ended in 1996, the government agreed to distribute more equitably government services, and labor activists are no longer being systematically physically attacked. Esquivel-Ramirez, moreover, presented no evidence that her labor organization still exists in Guatemala. See id. (to overcome BIA's finding that alien lacked well-founded fear, evidence must be "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution"). We also affirm the BIA's denial of withholding of deportation. See Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999).

Accordingly, we deny the petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-